UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

| | |
|---|---|
| FRANZ LORENZ | Civil Action No. |
| Plaintiff, | |
| vs. | |
| VITAS HEALTHCARE CORPORATION | |
| Defendant | |

## COMPLAINT

Comes now the Plaintiff, FRANZ LORENZ, (herein after referred to as "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, VITAS HEALTHCARE CORPORATION (herein after referred to as "Defendant"), and alleges:

### INTRODUCTION

1. This is a complaint brought pursuant to 31 U. S. Code Sec. 3730(h).

2. Defendant improperly terminated Plaintiff because Plaintiff objected to the conduct of an employee, who reported to him, being paid by funds derived from Medicare to pay her for time not actually worked providing hospice services.

3. Plaintiff brings a suit under the anti-retaliation provision, as described above.

### JURISDICTION

4. This action arises under the Civil actions for false claims contained in U. S. Code Sec. 3730.

## VENUE

5. The venue is proper in Volusia County, Florida, because the Defendant conducted business in Volusia County, Florida, providing hospice services, the Plaintiff was employed in Volusia County, supervising and managing hospice providers, while employed by Defendant, and all material facts arising to this complaint occurred in Volusia County, Florida.

## FACTUAL HISTORY

6. Plaintiff, Franz Lorenz, is an employee as defined by 31 U. S. Code Sec. 3730(h)(1) because he performed services under the control and direction of the employer for wages and other remuneration.

7. The Plaintiff objected to and refused to participate in activities, policies, and practices of his employer which were in violation 31 U. S. Code Sec. 3729.

8. Defendant, is person as defined by 31 U. S. Code Sec. 3729(a)(1)(A).

9. The acts alleged herein violate laws of the United States which were applicable to the employer and pertaining to the business because the employer had availed itself of seeking reimbursement for work not performed by an employee which is prohibited by 31 U. S. Code Sec. 3729.

## COUNT I
## VIOLATION OF 31 U. S. CODE SEC. 3730(h)

10. Plaintiff restates and realleges the allegations in paragraphs 1-9.

11. In the first week of August, 2018, Plaintiff complained to Shanda Milton that Shanta Williams was collecting pay for work hours not actually performed.

12. The money Shanta Williams was being paid was derived from payments made to Defendant by the United States government through the Medicare program.

13. Very soon after Plaintiff voiced his objection to Shanda Milton about Shanta Williams' illegal conduct, he was accused of trying to procure a new patient via the assistance of Carlos Dominguez, MD's marketer, a Vitas Healthcare account deemed to be an unauthorized source.

14. Immediately thereafter, Plaintiff refuted the allegations that he had behaved inappropriately in seeking a new patient via the assistance of Carlos Dominquez, MD's marketer, a Vitas Healthcare account deemed to be an unauthorized source.

15. Plaintiff did not behave inappropriately in seeking a new patient via the assistance of Carlos Dominquez, MD's marketer, a Vitas Healthcare account deemed to be an unauthorized source.

16. The Plaintiff objected to, and refused to participate in, Shanta Williams' fraudulent submission of time to divert government funds for her personal use which were not earned by her.

17. Shanta Williams' conduct is prohibited by 31 U. S. Code Sec. 3729.

18. As a result of Plaintiff's refusal to cooperate with the above described illegal practice, Plaintiff's employment was terminated on or about August 15, 2018.

19. Plaintiff's termination was retaliatory personal action as described by 31 U. S. Code Sec. 3730(h).

20. As a direct and proximate result of a retaliatory personal action taken against the Plaintiff, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff requests a relief in the form of:

(a) Reinstatement to the same position held before the retaliatory action, or to an equivalent position.

      (b)      Two times Plaintiff's back pay.

      (c)      Interest due on the back pay.

      (d)      Any other compensatory damages for any special damages allowable at law.

      (e)      Reasonable attorney's fees, per 31 U. S. Code Sec. 3730(h)(2), court costs, other taxable costs, and expenses to the Plaintiff.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted, this 14th day of April, 2020

/s Matthew E. Romanik, Esq.
Hassell-Legal, P.A.
1616 Concierge Blvd.
Ste 100
Daytona Beach, FL  32117
(386) 238-1357
Mattr@hassell-legal.com


Attorney for Plaintiff
Fla. Bar No.: 0062588